IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CR-00034-F-1
No. 4:16-CV-00036-F

| | | |
|---|---|---|
| MICHAEL WAYNE ROUSE, JR. | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-47] Michael Wayne Rouse, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-43]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Rouse's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On May 15, 2013, Rouse was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Rouse's arraignment, held on September 4, 2013, he pled guilty to the Indictment without a written plea agreement.

Rouse's sentencing hearing was held on March 12, 2014, and he was sentenced to 212 months' imprisonment. *See* Judgment [DE-28]. On March 21, 2014, Rouse filed a Notice of Appeal [DE-30]. In an unpublished opinion [DE-37], the Fourth Circuit Court of Appeals affirmed this court's judgment.

On March 31, 2016, Rouse filed the instant *pro se* Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-43]. Rouse's sole claim is that his appellate counsel provided ineffective assistance by failing to move to hold his case in abeyance pending the outcome of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-43] at 4. Rouse argues that if his attorney had moved to hold his case in abeyance, his sentence would have been favorably impacted. *Id.* On May 11, 2016, the Government filed a Motion to Dismiss [DE-47], arguing that Rouse has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor

"accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Rouse has failed to state a claim of ineffective assistance of counsel.

Rouse has raised one claim of ineffective assistance of counsel in his Motion to Vacate. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Rouse's ineffective assistance of counsel claim.

#### 1. Rouse alleges that his attorney failed to move to hold his case in abeyance pending the outcome of the Supreme Court's decision in *Johnson*.

Rouse alleges that his appellate counsel provided ineffective assistance by failing to move

3

to hold his case in abeyance pending the outcome of the Supreme Court's decision in *Johnson*. Mot. Vacate [DE-43] at 4. Rouse argues that if his attorney had moved to hold his case in abeyance, his sentence would have been favorably impacted. *Id.*

Rouse was sentenced as an armed career criminal and subjected to an enhanced sentence under 18 U.S.C. § 924(e). *See* PSR [DE-24] at 13, ¶ 59. Under § 924(e)(1), a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court,

4

however, did not strike the enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-FDW-1, 2016 WL 183495, at *2 (W.D.N.C. Jan. 14, 2016). Burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit Court of Appeals has held that the North Carolina offense of breaking and entering qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).

*Johnson* does not impact the fact that Rouse's breaking and entering convictions qualify as violent felonies under the enumerated offense clause. As Rouse's Presentence Report reflects, he has six separate breaking and entering convictions that occurred on different occasions from one another. *See* PSR [DE-24] at 7-8 ¶¶ 21-26. The breaking and entering convictions were punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 924(e)(2)(B); Unpublished Opinion [DE-37] at 2-3 ("[T]he breaking-and-entering convictions carried a maximum presumptive sentence of fourteen months under North Carolina's structured sentencing regime.").

As Rouse remains an armed career criminal even following the Supreme Court's holding in *Johnson*, his appellate counsel did not provide deficient performance by failing to move to stay Rouse's appeal. *See Moore v. United States,* 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance."). Moreover, Rouse cannot show a reasonable probability that the outcome of his case would have changed if his attorney had moved to stay his appeal pending *Johnson*. For these reasons, Rouse's claim must fail under both prongs of the *Strickland* standard.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-47] is ALLOWED and Rouse's Motion to Vacate [DE-43] is DENIED. The court concludes that Rouse has not made the requisite showing to support a certificate of appealability.[1] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 15 day of July, 2016.

James C. Fox
Senior United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.